**FILED**

**June 13, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Office of Lawyer Disciplinary Counsel,**
**Petitioner**

**v.) No. 23-709**

**M. Paul Marteney, a Suspended**
**Member of the West Virginia State Bar,**
**Respondent**

## MEMORANDUM DECISION

On December 14, 2023, the petitioner, Office of Lawyer Disciplinary Counsel ("ODC"), by counsel Rachael L. Fletcher Cipoletti, Chief Lawyer Disciplinary Counsel, filed a petition for a rule to show cause in contempt against the respondent M. Paul Marteney, a suspended member of the West Virginia State Bar, for failure to comply with an order of this Court. ODC asserts that Mr. Marteney failed to comply with this Court's September 12, 2023, order suspending his license to practice law in the State of West Virginia and imposing other sanctions because he did not follow Rule 3.28 of the West Virginia Rules of Lawyer Disciplinary Procedure and did not make arrangements to pay the costs of the proceedings in the amount of $1,885.09. After careful review of the petition,[1] the record before the Court, and applicable law, we hold Mr. Marteney in contempt and impose sanctions. Because this case presents no substantial question of law, this case is appropriate for disposition by a memorandum decision. *See* W. Va. R. App. P. 21.

On November 1, 2022, a one-count statement of charges was filed against Mr. Marteney alleging that he violated the West Virginia Rules of Professional Conduct in relation to a civil action filed in the Circuit Court of Pleasants County, West Virginia that was dismissed due to inactivity. At the conclusion of subsequent disciplinary proceedings, this Court entered an order on September 12, 2023, providing sanctions as recommended by the Hearing Panel Subcommittee of the Lawyer Disciplinary Board. In its order, this Court directed as follows:

> (1) Mr. Marteney's license to practice law be suspended for ninety days subject to automatic reinstatement under Rule 3.31 of the Rules of Lawyer Disciplinary Procedure;
>
> (2) Mr. Marteney comply with the mandates of Rule 3.28 of the Rules of Lawyer Disciplinary Procedure, requiring disclosure to his clients of the suspension and the filing of an affidavit with the Office of the Clerk of this Court;

---

[1]Mr. Marteney, who is self-represented, did not file a response to the petition for a rule to show cause in contempt.

(3) Within thirty days of the entry of the suspension order, he refund the filing fee in the amount of $200 to Jinjer R. Nutter and provide verification of the same to ODC;[2] and

(4) Mr. Marteney pay the costs of the proceedings under Rule 3.15 of the Rules of Lawyer Disciplinary Proceedings.

(Footnote added). ODC filed a statement of expenses in the amount of $1,885.09.

On October 2, 2023, ODC sent Mr. Marteney a letter reminding him of his obligations under Rule 3.28 and to pay the costs of the proceeding. Mr. Marteney did not respond to ODC's letter. This contempt proceeding followed.

On March 4, 2024, this Court issued a rule to show cause returnable on April 30, 2024, unless sooner mooted by Mr. Marteney's compliance. The rule to show cause was not rendered moot, and Mr. Marteney and ODC's counsel appeared before the Court at the show cause hearing as scheduled.[3]

Our standard of review in lawyer disciplinary matters is well settled. We have recognized that "'[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions[,] or annulments of attorneys' licenses to practice law.' Syllabus point 3, *Committee on Legal Ethics v. Blair*, 174 W. Va. 494, 327 S.E.2d 671 (1984)." Syl. Pt. 2, *Law. Disciplinary Bd. v. Cain*, 245 W. Va. 693, 695, 865 S.E.2d 95, 97 (2021). Further, "[t]his Court possesses the power to punish a party for contempt of an order executed by this Court." Syl. Pt. 4, *State ex rel. Walker v. Giardina*, 170 W.Va. 483, 294 S.E.2d 900 (1982). With this background in mind, we consider the arguments presented.

According to ODC, Mr. Marteney has failed to comply with Rule 3.28 and has not made arrangements to pay the costs of the proceedings, as directed in this Court's September 12, 2023, suspension order. Because Mr. Marteney was scheduled for automatic reinstatement, ODC argues that he should be held in contempt and that his suspension should continue indefinitely until he demonstrates full compliance with this Court's September 12, 2023, order.

Due to his failure to comply with the September 12, 2023, suspension order, this Court holds M. Paul Marteney in contempt of Court. Mr. Marteney's license to practice law in the State of West Virginia remains suspended until he demonstrates full compliance with this Court's order and successfully petitions for reinstatement under Rule 3.32 of the Rules of Lawyer Disciplinary Procedure. To demonstrate full compliance, Mr. Marteney shall:

---

[2]Mr. Marteney later demonstrated that he refunded $200.00 to Jinjer R. Nutter on February 24, 2023.

[3]While Mr. Marteney appeared at the April 30, 2024, show cause hearing, he indicated that he would not address the Court absent specific questions, and he remained silent.

(1) Comply with Rule 3.28 of the Rules of Lawyer disciplinary Procedure requiring disclosure to his clients of the suspension and the filing of an affidavit with the Office of the Clerk of this Court [4] and provide proof of that compliance to ODC; and

(2) Make arrangements with ODC to pay the costs of the proceedings under Rule 3.15 of the Rules of Lawyer Disciplinary Proceedings.

The Clerk is directed to issue the mandate contemporaneously with this decision.

Held in contempt and law license suspended.

**ISSUED:** June 13, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]If Mr. Marteney submits a Rule 3.28 affidavit to this Court, he must accompany the affidavit with a motion to file outside of the twenty-day time period provided by that rule.